PIERSON *vs.* LUM and wife.

1. A contract entered into by a married woman for the sale of her estate will not be enforced.

2. But equity will charge such estate with the value of property delivered to her as the consideration of the contract, and with moneys expended by the vendee in the erection of a house on the land, and in otherwise improving it, with her knowledge and consent.

On final hearing on bill and proofs, taken under order to proceed *ex parte.*

*Mr. R. S. Green,* for complainant.

THE CHANCELLOR.

On the 20th of February, 1871, Jane C. Lum, wife of Lewis P. Lum, was the owner in fee of a lot of land in the city of Elizabeth. On that day an agreement in writing, purporting to be between her husband and the complainant, was executed by her and her husband, under their hands and seals, for the conveyance by her husband, by deed to be executed by him and her, of the lot above mentioned to the complainant, free from all encumbrances, for the consideration of a certain bay horse, harness and phæton. The agreement also provided for the erection, by the husband for the complainant, of a building upon the property, according to a written agreement of the above date, made by and between them. The horse, harness and phæton were duly delivered. The house was built on the premises by the husband for the complainant, under the last mentioned agreement. The price stipulated to be paid for it was $3800. Of this amount the complainant paid, as appears by the receipts of the husband endorsed on the building contract, $1300. For the rest of the $3800 a mortgage of $2500 was put upon the premises by Lum and his wife, the loan having been negotiated by the complainant,

who was to take the premises subject to that encumbrance. The complainant, during the progress of the building, put in, at his own expense, stained glass in the parlor doors. He also, at his own expense, graded the lot and set out trees upon it, put down a stone well curb, and put lightning rods on the house, and after the house was completed he caused it to be cleaned. He took possession of the property after the house was finished, but Lum subsequently broke into it and got possession, and held it against the complainant. The defendants refused to convey the property to the complainant, and he files his bill for a specific performance of the contract to convey, or failing that, for a decree for satisfaction, by charge on the property of the money paid by him. The prayer for specific performance must be denied. Without referring to the defective character of the agreement in this case, it is enough, on this point, to say that equity will not decree the specific performance of a contract entered into by a married woman for the sale of her estate. *Wooden* v. *Morris and wife,* 2 *Green's Ch. R.* 65; *Pentz* v. *Simonson,* 2 *Beas.* 232. But the complainant should receive the value of the horse, harness and phæton, and be repaid the money paid by him on account of the house and grounds. The evidence is that the wife consented to and joined in the contract for sale, which contained a reference to the agreement for building the house, and that she knew of the payments made by the complainant. The money paid by him on account of the house and grounds enhanced the value of her separate estate. In equity she is bound to repay it to the complainant, and to pay him the value of the horse, harness and phæton, and under the circumstances equity will charge her separate property with the payments made by the complainant and the value of the property delivered by him as the consideration of the agreement to convey. *Pentz* v. *Simonson, supra.* There will, therefore, be a reference to a master to ascertain and report the amounts paid and the value of the horse, harness and phæton. The complainant will not be allowed for his personal services in superintending the construction of the building.